UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FORD BEVENS                                             CIVIL ACTION NO. 20-cv-0278

VERSUS                                                  JUDGE ELIZABETH E. FOOTE

WAL-MART TRANSPORTATION, LLC, ET AL                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Ford Bevens ("Plaintiff") filed this civil action in state court for damages arising out of a motor vehicle accident. Plaintiff named as defendants Patricia Vincent, the driver of the other vehicle; Wal-Mart Transportation, LLC, Vincent's employer; and National Union Fire Insurance Co., Wal-Mart's insurer.

Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to allege facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations in the notice of removal appear to be sufficient except for two matters discussed below. Defendants will be allowed until **March 20, 2020** to file an amended notice of removal and attempt to remedy those issues.

**Wal-Mart Transportation, LLC**

The notice of removal alleges that Wal-Mart Transportation, LLC is a Delaware limited liability company. The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A

party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The notice of removal states that Wal-Mart Transportation, LLC it is an "indirectly, wholly-owned subsidiary of Walmart Inc." It goes on to allege that the "direct parent is Wal-Mart Stores East, LP," which has two LLCs as partners. The sole member of each of those LLCs is said to be Wal-Mart Stores East, LLC, whose "parent company" is Walmart, Inc.

Phrases like wholly owned are imprecise. Is the owner the sole member of the LLC? It might be, or it might be the owner of another entity or entities that in turn "wholly own" the company at issue. References to parent companies are not much better. A parent company is not necessarily the sole member of an LLC; it may just own enough interest to control the management and operation of the company. There may be one or more non-parent members whose citizenship would be relevant. The use of precise language will avoid doubt about jurisdictional issues.

Is Wal-Mart Stores East, LP the sole member of Wal-Mart Transportation, LLC? That is perhaps what defendants wanted to say, but it is not said clearly enough to help

meet their jurisdictional burden. Similarly, is Walmart, Inc. the sole member of Wal-Mart Stores East, LLC? Finally, assuming Walmart, Inc. is at the end of the trail, the notice of removal does not allege that corporation's (1) state of incorporation and (2) state in which it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Defendants must file an amended notice of removal that clearly and specifically alleges the identity of the members of Wal-Mart Transportation, LLC, and their citizenship, through the various organizational layers.

**National Union**

The notice of removal alleges that National Union is "a Pennsylvania insurance *company* with its principal place of business in New York." (Emphasis added). The notice does not allege National Union's type of entity. If it is a corporation, its allegations are sufficient because they identify (1) the state in which it was incorporated[1] and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). If, however, it is an unincorporated association or entity, its citizenship must be set forth in accordance with the rules outlined above with respect to Wal-Mart. An amended notice of removal must clarify National Union's form of entity/citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of March.

Mark L. Hornsby
U.S. Magistrate Judge

---

[1] This is suggested by the allegation that National Union is "a Pennsylvania insurance company." The allegation could remove any doubt if it were revised to squarely allege that National Union is "incorporated in the state of Pennsylvania," if that is the case.